664 S.E.2d 464

In the Matter of R. Ryan BRECKENRIDGE, Respondent.

No. 26515.

Supreme Court of South Carolina.

Submitted June 16, 2008.

Decided July 14, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa A. Ballard, of Law Offices of Desa Ballard, P.A., of West Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or a definite suspension not to exceed thirty (30) days. *See* Rule 7(b), RLDE, Rule 413, SCACR. We accept the Agreement and definitely suspend respondent from the practice of law in this state for a thirty (30) day period. The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent admits that, as a result of his failure to properly maintain his trust account and to safeguard client property, several non-sufficient fund (NSF) reports were filed with ODC during a six month period of time. During ODC's investigation of the NSF reports, respondent admits that he failed to insure that funds were properly credited to his trust account and, as a consequence, a check was issued which resulted in an additional NSF report to ODC. Respondent represents the account is presently reconciled and that no clients were harmed. ODC does not dispute these assertions.

Respondent asserts that he is aware of the "good funds rule." Further, he is aware of the importance of verifying the availability of funds prior to disbursement.

Respondent admits that, as a result of his failure to fully supervise his staff, a staff member was able to take funds from the firm. Respondent has filed criminal charges against the staff member and has replaced the missing funds.

Finally, respondent admits that he failed to insure that a mobile home title was properly transferred to his client (the buyer) at closing and that he failed to communicate with his client for an extended period of time. Respondent represents the title to the mobile home has been transferred to his client.

Respondent has not been previously cautioned or sanctioned for misconduct by the Commission on Lawyer Conduct or its predecessor, the Board of Commissioners on Grievances and Discipline.

## *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall promptly comply with reasonable requests for information); Rule 5.3(b) (lawyer having direct supervisory authority over non-lawyer employee shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer); and Rule 1.15 (lawyer shall safeguard client property). In addition, respondent admits he violated the recordkeeping provisions of Rule 417, SCACR. Finally, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

## *CONCLUSION*

We accept the Agreement and definitely suspend respondent from the practice of law for a thirty (30) day period.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY, JJ., and Acting Justice JOHN W. KITTREDGE, concur.